In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 15-1313

KATHERINE CERAJESKI, Guardian for Walter Cerajeski,

*Plaintiff-Appellant*,

*v.*

GREG ZOELLER, Attorney General of the State of Indiana,
 *et al.*,

*Defendants-Appellees*.

———————————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:11-cv-01705-JMS-DKL — **Jane E. Magnus-Stinson**, *Judge*.

———————————

ARGUED JUNE 2, 2015 — DECIDED JULY 24, 2015

———————————

Before POSNER, EASTERBROOK, and SYKES, *Circuit Judges*.

POSNER, *Circuit Judge*. This appeal is a sequel to our decision reported at 735 F.3d 577 (7th Cir. 2013), in which we held unconstitutional a provision of the Indiana Unclaimed Property Act, Ind. Code §§ 32-34-1-1 *et seq.* (Indiana's version of the Uniform Unclaimed Property Act) that authorized the state to confiscate private property without any compensation—let alone just compensation—to the owner.

The Act stated that "property" is "presumed abandoned if the owner or apparent owner has not communicated in writing with the holder concerning the property or has not otherwise given an indication of interest in the property" within a specified period varying according to the type of property. § 32-34-1-20(c). By filing a valid claim with the state the owner could reclaim the property at any time up to 25 years after it was delivered to the attorney general. § 32-34-1-36. (After that, if still unclaimed, the property escheated to the state.) But he was entitled only to his principal and not to any interest earned on it. We held that the state's retention of the interest was a taking that violated the Fifth Amendment's just compensation clause (deemed applicable to actions by state governments by interpretation of the Fourteenth Amendment's due process clause) because the owner was paid nothing for his lost interest.

Our opinion concluded by stating that "the judgment is reversed and the case remanded for further proceedings consistent with this opinion. The plaintiff is entitled to just compensation from the state when she files her claim to [Walter] Cerajeski's account [remember that the plaintiff is his guardian], but the amount of that just compensation has yet to be determined. The plaintiff has also sought an injunction—why we don't know; and injunctive relief may well be unavailable in this case. 'Equitable relief is not available to enjoin an alleged taking of private property for a public use.' *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1016 (1984). The availability and propriety of injunctive relief are other issues to be resolved by the district judge in the first instance."

So the case returned to the district court. Several months later the state, having in response to our decision amended

its Unclaimed Property Act to provide for payment of interest on property to which the owner had made a valid claim, Ind. Code §§ 32-34-1-9.1, 32-34-1-30 (effective July 1, 2014), moved to dismiss the suit as moot. The plaintiff, objecting, asked the district court, pursuant to our judgment, to enter a declaratory judgment and also to award the attorneys' fees incurred in prosecuting the appeal that had resulted in our judgment. (The plaintiff is not seeking an award of fees for any other part of the litigation in either the district court or this court.) The district judge refused, dismissed the suit as moot, and later denied the motion for attorneys' fees primarily on the ground that, the suit having been dismissed, the plaintiff was not a prevailing party. The plaintiff has appealed.

The district judge was annoyed at the plaintiff because on remand from our court she'd asked permission to file an amended complaint that would have converted the suit to a class action. She did that because of intimations that the state would, despite our decision, compensate only the plaintiff, forcing the multitude of similarly situated creditors to bring their own suits. But she withdrew that request (as distinct from her request for an award of attorneys' fees) when the state amended the Unclaimed Property Act. For the amendment mooted her federal claim for damages by entitling her to payment by the state of the interest that she had sought in her lawsuit.

By amending the statute the state conceded that it owed the interest to the plaintiff. But its concession could not deprive the plaintiff of her status as the prevailing party in the litigation. Our decision had preceded the amendment of the statute and by holding that she was entitled to damages

equal to the unpaid interest had made her the prevailing party. See *National Rifle Association of America, Inc. v. City of Chicago*, 646 F.3d 992, 994 (7th Cir. 2011). She would not have been the prevailing party had the state, as in *Zessar v. Keith*, 536 F.3d 788, 797 (7th Cir. 2008), amended its law before our decision—that would have mooted the case and we would have had to dismiss it for want of jurisdiction, thus not deciding the merits and not ordering any relief.

"[E]nforceable judgments on the merits … create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees" under federal statutes (in this case 42 U.S.C. § 1988(b)) that authorize such awards. *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources*, 532 U.S. 598, 604 (2001). "[R]elief need not be judicially decreed in order to justify a fee award under § 1988. A lawsuit sometimes produces voluntary action by the defendant that affords the plaintiff all or some of the relief he sought through a judgment—*e.g.*, a monetary settlement or a change in conduct that redresses the plaintiff's grievances." *Hewitt v. Helms*, 482 U.S. 755, 760–61 (1987). That is what happened in this case. It is not a case in which by *filing* a lawsuit a plaintiff prompts a change in law—the "catalyst theory" of prevailing-party status rejected in the *Buckhannon* case. 532 U.S. at 609–10. Nor is it a case like *Hewitt*, in which the appellate court explicitly conditioned judgment in the plaintiff's favor on whether he could prove that the defendants were not entitled to official immunity. 482 U.S. at 758.

At the oral argument of the current appeal, the state argued that the sovereign immunity conferred on it by the Eleventh Amendment would have barred the plaintiff's

claim for damages or alternatively that the defendants, being sued in their official capacities (making this effectively a suit against the state), aren't "person[s]" within the meaning of section 1983, the statute under which the plaintiff sued. The state briefed these alternative arguments in the district court but not in either appeal. Even if our holding in the previous round that the plaintiff was entitled to just compensation in a suit under section 1983 (or perhaps in any federal suit) was incorrect and the challenge to it not waived by not being made in our court, the plaintiff nevertheless had obtained a judgment which compelled a change in state law that gave her compensation equal to the damages she was seeking, and it was a result brought about by the efforts of her lawyers.

The district judge had her own alternative ground, similar to the defendants', for denying the plaintiff attorneys' fees: that the claim of an unconstitutional taking, the claim we upheld in rendering judgment in the plaintiff's favor, was brought directly under the Constitution and not under 42 U.S.C. § 1983—and 42 U.S.C. § 1988(b), the attorneys' fees statute on which the plaintiff bases her claim for fees, applies by its terms only to claims brought under section 1983 (and certain other statutes not relevant to this case). But section 1983 imposes liability on anyone "who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws," and one of those rights is the right to just compensation for the taking of private property. Although 42 U.S.C. § 1983 isn't explicitly mentioned in Count III of the

complaint, which is captioned "CLAIM FOR PROSPECTIVE RELIEF (FIFTH AMENDMENT TAKINGS CLAUSE)," paragraphs 1 and 11 of the complaint invoke section 1983 and are expressly incorporated in Count III; and paragraph B, on the last page of the complaint, also bases the takings claim on that statute.

We therefore reverse the judgment of the district court and remand the case for a determination of the amount of attorneys' fees to which the plaintiff is entitled. We offer the tentative view that the amount sought—$258,462.50 for 375.75 hours—is excessive, both in the amount of time for which fees are sought and in the average hourly billing rate ($687.86). Remember that this was just time spent on the appeal (the first, not the present, appeal), and the high average billing rate implies that few junior members of the two law firms who handled the appeal for the plaintiff could have been assigned to work on the appeal. In fact it appears that law-firm partners billed more than 93 percent of the total hours billed.

The plaintiff asks us to determine the amount of attorneys' fees to which she is entitled, but we think it a task better left to the district court. District judges have more experience than appellate judges in determining reasonable awards of attorneys' fees.

REVERSED AND REMANDED